UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KENNETH WEITZEL and <br> MICHELLE WEITZEL, <br><br> Plaintiffs, <br><br> v. <br><br> SHERRY MELANCON and <br> CARLYLE MELANCON, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No.: 3:19-CV-343-KAC-JEM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### ORDER DISMISSING ACTION

On September 4, 2019, Plaintiffs filed this pro se action against Defendants [Doc. 2]. However, they have not materially sought to advance the case since the end of 2019 [*See* Doc. 11 (last filing by Plaintiffs)]. On February 7, 2022, the Court ordered Plaintiffs to show cause "why the matter should not be dismissed under Local Rule 83.13 and Federal Rule of Civil Procedure 41(b)" [Doc. 16 at 3 (citing E.D. Tenn. L.R. 83.13 and Fed. R. Civ. P. 41(b))]. In that Order, the Court set forth examples of Plaintiffs prior failings to comply with this Court's local rules and reminded Plaintiffs of their duties when proceeding pro se [*Id.* at 2 (quoting E.D. Tenn. L.R. 83.13)]. The Court gave Plaintiffs fourteen (14) days to respond to its Order and expressly provided that "[f]ailure to timely respond will result in dismissal of this action." [*Id.* (citing *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001))]. Plaintiffs have not responded to the Court's Order to Show Cause, and the deadline has passed.

Under Rule 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute [an action] or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also Steward*, 8 F. App'x at 296. Moreover, Local Rule 83.13 provides that a pro se party must "monitor the progress of the

case" and "prosecute or defend the action diligently." E.D. Tenn. L.R. 83.13. It also states that "[f]ailure of a pro se plaintiff to timely respond to an order . . . may result in dismissal of the case." *Id.* When contemplating dismissal under Rule 41(b),

> a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Steward*, 8 F. App'x at 296 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)).

On this record, the Court is compelled to dismiss Plaintiffs' action. Plaintiffs have willfully failed to comply with the Court's Order to Show Cause [Doc. 16], failed to comply with the Court's Local Rules, and failed to prosecute this action diligently. This case has been pending for nearly two and a half years with little to no substantive movement. The Court expressly warned Plaintiffs that failure to promptly respond to the Court's Show Cause Order "will result in dismissal of this action" [*Id.*]. Likewise, this Court's local rules counsel in favor of dismissal here. *See* E.D. Tenn. L.R. 83.13. Given Plaintiffs' multiple and repeated failures, a less drastic sanction is not appropriate. Accordingly, the Court **DISMISSES** this action **with PREJUDICE** pursuant to Rule 41(b). An appropriate judgment shall enter.

IT IS SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge